ORIGINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>KARL SMITH,<br>    a/k/a "Pacavell," and<br>CHELSEY HARRIS,<br>    a/k/a "Ms. Chinn,"<br><br>                       Defendants. | **SEALED**<br>**SUPERSEDING INDICTMENT**<br><br>S1 24 Cr. 541 (AT) |

**COUNT ONE**
**(Murder-for-Hire Conspiracy Resulting in Personal Injury and Death)**

The Grand Jury charges:

1.  In or about December 2023, in the Southern District of New York and elsewhere, KARL SMITH, a/k/a "Pacavell," and CHELSEY HARRIS, a/k/a "Ms. Chinn," the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to travel in and cause another person to travel in interstate and foreign commerce, and to use and cause another person to use the mail and a facility of interstate and foreign commerce, with intent that a murder be committed in violation of the laws of a State and the United States as consideration for the receipt of, and as consideration for a promise and agreement to pay, a thing of pecuniary value, which resulted in personal injury to one person and the death of another person, to wit, SMITH, HARRIS, and others used cellphones, among other means, to conspire to lure an individual ("Victim-1") to multiple locations in New York City where Victim-1 could be shot, and on or about December 26, 2023—at a nightclub where HARRIS had

lured Victim-1 in exchange for cash payment from co-conspirators—gunmen shot and injured Victim-1 and killed Clarisa Burgos, who was with Victim-1.

(Title 18, United States Code, Section 1958.)

## COUNT TWO
### (Stalking Resulting in Life Threatening Bodily Injury and Death)

The Grand Jury further charges:

2.      In or about December 2023, in the Southern District of New York and elsewhere, KARL SMITH, a/k/a "Pacavell," and CHELSEY HARRIS, a/k/a "Ms. Chinn," the defendants, and others known and unknown, with the intent to kill, injure, harass, intimidate, and place under surveillance with intent to kill, injure, harass, and intimidate another person, used an interactive computer service and electronic communication service and electronic communication system of interstate commerce, and another facility of interstate and foreign commerce, to engage in a course of conduct that placed that person in reasonable fear of the death of and serious bodily injury to a person, and aided and abetted the same, which resulted in life threatening bodily injury to one person and the death of another person, to wit, SMITH, HARRIS, and others used cellphones, among other means, to conspire to lure an individual ("Victim-1") to multiple locations in New York City where Victim-1 could be shot, and on or about December 26, 2023—at a nightclub where HARRIS had lured Victim-1—gunmen shot and injured Victim-1 and killed Clarisa Burgos, who was with Victim-1.

(Title 18, United States Code, Sections 2261(b)(1) and (2), 2261A(2)(A), and 2.)

2

## COUNT THREE
(Conspiracy to Destroy Records)

The Grand Jury further charges:

3. Between in or about December 2023 and in or about January 2024, in the Southern District of New York and elsewhere, KARL SMITH, a/k/a "Pacavell," and CHELSEY HARRIS, a/k/a "Ms. Chinn," the defendants, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other, to violate Title 18, United States Code, Section 1519.

4. It was a part and an object of the conspiracy that KARL SMITH, a/k/a "Pacavell," and CHELSEY HARRIS, a/k/a "Ms. Chinn," the defendants, would and did knowingly alter, destroy, mutilate, conceal, cover up, falsify, and make a false entry in a record, document, and tangible object with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of a department and agency of the United States, and in relation to and in contemplation of such a matter, to wit, SMITH and HARRIS conspired with others to destroy evidence of their participation in a conspiracy to murder Victim-1 as charged in Counts One and Two of this Indictment, including by destroying a cellphone in a co-conspirator's possession and deleting text messages on a cellphone in HARRIS's possession.

### Overt Acts

5. In furtherance of the conspiracy and to effect the illegal object thereof, the following overt acts, among others, was committed in the Southern District of New York and elsewhere:

   a. On or about December 27, 2023, CHELSEY HARRIS, a/k/a "Ms. Chinn," the defendant, sent a message to KARL SMITH, a/k/a "Pacavell," the defendant, and a co-

conspirator encouraging SMITH and the co-conspirator to delete their electronic communications, which message HARRIS attempted to delete.

   b.  On or about December 29, 2023, a co-conspirator attempted to destroy a cellphone in his possession while he was detained at the Metropolitan Detention Center – Brooklyn awaiting disposition of another federal criminal case.

(Title 18, United States Code, Section 371.)

<b>SPECIAL FINDINGS REGARDING THE MURDER OF CLARISA BURGOS</b>

   6.  Count One of this Indictment is realleged and incorporated by reference as though fully set forth herein. As to Count One, alleging the murder of Clarisa Burgos, the defendant KARL SMITH, a/k/a "Pacavell":

     a.  was eighteen years of age or older at the time of the offense;

     b.  intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

     c.  in the commission of the offense, and in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5)); and

     d.  committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)).

   7.  Count One of this Indictment is realleged and incorporated by reference as though fully set forth herein. As to Count One, alleging the murder of Clarisa Burgos, the defendant CHELSEY HARRIS, a/k/a "Ms. Chinn":

   a.  was eighteen years of age or older at the time of the offense;

   b.  intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with a person, other than one of the participants in the offense, and the victim died as a direct result of the act (Title 18, United States Code, Section 3591(a)(2)(C));

   c.  in the commission of the offense, and in escaping apprehension for the violation of the offense, knowingly created a grave risk of death to one or more persons in addition to the victim of the offense (Title 18, United States Code, Section 3592(c)(5));

   d.  committed the offense as consideration for the receipt, and in the expectation of the receipt, of a thing of pecuniary value (Title 18, United States Code, Section 3592(c)(8)); and

   e.  committed the offense after substantial planning and premeditation to cause the death of a person (Title 18, United States Code, Section 3592(c)(9)).

## FORFEITURE ALLEGATION

8.  As a result of committing the offenses alleged in Counts One and Three of this Indictment, KARL SMITH, a/k/a "Pacavell," and CHELSEY HARRIS, a/k/a "Ms. Chinn," the defendants, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offenses.

## Substitute Assets Provision

9. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) and Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

(Title 18, United States Code, Section 981;
Title 21, United States Code, Section 853; and
Title 28, United States Code, Section 2461.)

▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬
FOREPERSON

_/s/ Damian Williams_
DAMIAN WILLIAMS
United States Attorney

6