**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th floor*
*New York, New York 10278*

October 9, 2026

**BY ECF**

Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

**Re: *United States v. Dajahn McBean*, S3 24 Cr. 541 (PAE)**

Dear Judge Engelmayer:

The Government respectfully moves the Court for an order directing the defendant to disclose—no later than 30 days before motions *in limine* are due, and before individual *voir dire* begins—the mitigating factors he intends to present during the penalty phase. For the reasons stated below, such disclosure is necessary to give meaningful effect to the Government's statutory right to rebut mitigation evidence, permit the orderly litigation of any challenges to the defendant's proposed mitigating factors, facilitate the selection of a fair and impartial jury, and promote the fair, reliable, and efficient administration of any penalty phase proceeding.

## A. The Federal Death Penalty Act and Rules of Criminal Procedure

The Eighth Amendment requires an individualized capital sentencing determination and therefore permits broad consideration of evidence concerning, among other things, a defendant's character and background. *See Woodson v. North Carolina*, 428 U.S. 280, 304 (1976). Consistent with that principle, the Federal Death Penalty Act ("FDPA") requires the Government to provide reasonable pretrial notice of the aggravating factors it intends to prove. 18 U.S.C. § 3593(a). Although the FDPA does not impose an express reciprocal deadline for disclosure of mitigating factors, it also does not preclude the Court from setting such a deadline in an exercise of its broad discretion over trial and pretrial matters. FED. R. CRIM. P. 57(b). Moreover, the FDPA *does* expressly permit the Government to rebut mitigation evidence, and it affords the Government a "fair opportunity" to address the adequacy of the evidence offered in support of mitigating factors. 18 U.S.C. § 3593(c).

This statutory right cannot meaningfully be exercised without reasonable notice of the mitigating factors the defendant intends to prove. *See United States v. Wilson*, 493 F. Supp. 2d 464, 466 (E.D.N.Y. 2006) (finding that "in order for the Government to have the 'fair opportunity' required by statute, it is necessary that the Government have notice of the mitigating factors that [the defendant] intends to prove"). As the court explained in *United States v. Tsarnaev*, without adequate time to investigate and prepare a response to the mitigators, the Government's statutory opportunity for rebuttal risks becoming "meaningless." No. 13 Cr. 10200, 2014 WL 4823882, at *5 (D. Mass. Sept. 24, 2014). And because the reliability of a capital sentencing determination depends upon the trustworthiness of the information presented to the jury, the parties' adequate

preparation—made possible only by timely disclosure—advances the truth-seeking function of the proceeding. *See United States v. Catalan Roman*, 376 F. Supp. 2d 108, 114 (D.P.R. 2005).

Rule 57(b) of the Federal Rules of Criminal Procedure supplies the Court with authority to address the procedural gap left by the FDPA. Where no controlling law specifies a procedure, "[a] judge may regulate practice in any manner consistent with federal law, these rules, and the local rules of the district." FED. R. CRIM. P. 57(b). In exercising that authority, numerous federal courts have required capital defendants to provide advance notice of their proposed mitigating factors. *See, e.g.*, *Tsarnaev*, 2014 WL 4823882, at *5; *United States v. Roof*, No. 15 Cr. 472, Dkt. No. 281 (D.S.C. July 26, 2016); *United States v. Sampson*, No. 01 Cr. 10384, Dkt. No. 1319 at 2 (D. Mass. Mar. 19, 2014); *Wilson*, 493 F. Supp. 2d at 465–67; *United States v. Taveras*, No. 04 Cr. 156, 2006 WL 1875339, at *8–9 (E.D.N.Y. July 5, 2006); *see also Catalan Roman*, 376 F. Supp. 2d at 115–17 (concluding that the court possessed inherent authority to compel advance disclosure of non-mental-health expert mitigation evidence in advance of the sentencing phase).

Other courts have recognized the same authority but have required disclosure only after a guilty verdict and before the penalty phase. *See, e.g.*, *United States v. Smith*, No. 16 Cr. 86, 2019 WL 11863733, at *1–2 (D. Alaska Dec. 9, 2019); *United States v. Christensen*, No. 17 Cr. 20037, 2019 WL 1976442, at *6–7 (C.D. Ill. May 3, 2019); *United States v. McCluskey*, No. 10 Cr. 2734, 2013 WL 12329717, at *2 (D.N.M. July 2, 2013); *United States v. Lujan*, No. 05 Cr. 924, 2011 WL 13210665, at *2–3 (D.N.M. Aug. 24, 2011). And the Government recognizes that still other courts have declined to compel such disclosure altogether. *See, e.g.*, *United States v. Bowers*, No. 18 Cr. 292, Dkt. No. 762 at 1 (W.D. Pa. July 15, 2022); *United States v. Council*, No. 17 Cr. 866, 2018 WL 2090643, at *1–5 (D.S.C. May 20, 2018); *United States v. Con-Ui*, No. 13 Cr. 123, Dkt. No. 1157 (M.D. Pa. June 2, 2017).

### B. Early Disclosure Is Needed for the Parties to Litigate, and the Court to Rule on, Important Issues in an Orderly and Efficient Manner

The Government respectfully submits that, for many reasons, the better approach is to require disclosure before individual *voir dire*. Disclosure after a guilty verdict would substantially diminish the practical value of the Government's right of rebuttal and would compress potentially significant litigation over mitigation into the interval between the guilt and penalty phases. Pretrial disclosure, by contrast, would permit the Government to investigate proposed mitigation, allow the parties to litigate legal objections in an orderly manner, give the Court sufficient time to resolve those objections, and reduce the risk of trial delays or disruptions that prolong the jury's service even further.

The possibility of litigation in this area is quite real because not every circumstance characterized by a defendant as "mitigating" is necessarily proper for submission to the jury. Historical practice in fact confirms that a defendant's proposed mitigating factors can be the subject of substantial and time-consuming motion practice, and late disclosure may thwart the Government's and Court's efforts to address the issues. In *McCluskey*, for example, the district court declined to require pretrial disclosure but ordered the defendant to disclose his mitigating factors shortly after a guilty verdict. 2013 WL 12329717, at *2. The defendant thereafter identified 137 proposed mitigating factors. *See United States v. McCluskey*, No. 10 Cr. 2734, 2013 WL 12328844, at *1 (D.N.M. Nov. 12, 2013). The Government ultimately filed a 21-page motion raising detailed challenges to 58 of those factors. *Id.* at *2. Although the court had not established a deadline for such objections, it declined to consider most of the Government's challenges

because of their timing, concluding that full consideration at that stage would unduly burden the defense and the court. *Id.* Thus, although the Government had received disclosure before the penalty phase concluded, the timing deprived the Government of any real opportunity to contest the defendant's extensive list of proposed factors.

*Sampson* demonstrates the converse. In that case, the district court required disclosure well before trial. *See Sampson*, No. 01 Cr. 10384, Dkt. No. 1319 at 2, 6. The defendant initially identified 308 potential mitigating factors.[1] *See id.*, Dkt. No. 2259 at 2 (D. Mass. May 13, 2016). The Government challenged more than 100, and the district court ultimately struck 26 while concluding that the remaining list was "unwieldy" and contained "duplicative factors, overlapping factors, and factors which appear amenable to reasonable consolidation." *Id.* at 11, 14. The court directed the defendant to revise the list into a "reasonable and orderly presentation," *id.* at 15, and additional litigation followed before the list ultimately submitted to the jury was reduced to 115 factors. *See id.*, Verdict Form, Dkt. No. 2834 at 7–25 (D. Mass. Jan. 9, 2017).

*McCluskey* and *Sampson* prove that disclosure after a guilty verdict will force rushed and incomplete briefing and judicial review, whereas disclosure before trial facilitates the full, fair, and efficient airing of issues. Challenges to proposed mitigating factors can involve substantial questions concerning relevance, duplication, cumulativeness, legal sufficiency, and the proper manner of presentation to the jury. Those questions should be resolved deliberately, not under the compressed schedule separating the guilt and penalty phases of a capital trial. Requiring disclosure before individual *voir dire* gives the parties and the Court the time necessary to address those issues carefully and without unnecessary interruption of the proceedings.

Pretrial disclosure will also assist the parties and the Court in conducting meaningful *voir dire*. *See Tsarnaev*, 2014 WL 4823882, at *9. In a capital case, the Court and the parties must determine whether prospective jurors can fairly consider the aggravating and mitigating evidence that may bear upon the ultimate sentencing decision. The defendant's mitigation case may implicate subjects about which prospective jurors hold particularly strong views or experiences that could materially affect their ability to evaluate the evidence without bias. Indeed, defense counsel's own *voir dire* strategy will presumably be informed by the mitigation case counsel will have spent over two years developing. Requiring disclosure before individual *voir dire* will permit the Court and both parties—not only the defense—to identify appropriate areas of inquiry and better ensure the selection of jurors capable of considering the actual penalty-phase evidence fairly and impartially.

Experience in this District supports the Government's position here: in *United States v. Saipov*, No. 17 Cr. 722 (VSB), during the middle of the Government's penalty phase presentation, the defense gave notice of 28 mitigating factors (3.5 times the number of mitigators listed in 18 U.S.C. § 3592). This forced the parties to litigate, and the Court to resolve, the scope of the defendant's mitigating factors in the middle of trial. The Government ultimately moved to strike three factors, *id.* Dkt. No. 755, and sought to limit the defense's argument to the jury based on several others. The Government can think of no reason to wait until such a late stage for so many potential issues to be addressed when they could be taken up in the ordinary course, along with the defendant's challenges to aggravating factors and the parties' other pretrial motions.

---

[1] These cases also reveal, perhaps contrary to expectations, that capital defendants may seek to offer literally *hundreds* of mitigating factors, vastly exceeding the lists of statutory factors found in 18 U.S.C. § 3592.

**C. Early Disclosure Would Promote the Fairness and Reliability of Capital Sentencing Without Infringing on the Defendant's Rights**

Pretrial disclosure before individual voir dire promotes rather than impairs the reliability of the capital sentencing process because it ensures that the parties and the Court have sufficient time to (i) address the legal propriety of the factors, (ii) investigate and prepare appropriate rebuttal to them, (iii) conduct informed *voir dire*, and (iv) avoid unnecessary delay during trial. And these gains are all achieved without in any way hindering or prejudicing the defendant's case at trial. To be clear, the Government is *not* seeking disclosure of defense work product, counsel's strategy, or any aspect of the defendant's intentions in the guilt phase . It seeks only identification of the mitigating factors that the defendant intends to ask the jury to consider in determining whether a sentence of death is appropriate. Those factors will necessarily be disclosed if a penalty phase occurs, but they are highly relevant to the pretrial motions schedule and *voir dire* of potential jurors. Disclosure therefore serves both the ends of justice and the resources of the Court.

The requested disclosure would not violate the defendant's constitutional rights. The Fifth Amendment does not confer upon a defendant the right to withhold information about the nature of evidence he intends to present. *See Williams v. Florida*, 399 U.S. 78, 85 (1970) (upholding a notice-of-alibi requirement and explaining that accelerated disclosure of a defense did not violate the defendant's constitutional rights); *see also Catalan Roman*, 376 F. Supp. 2d at 117. As the Supreme Court observed in *Williams*, a criminal trial is not "a poker game in which the players enjoy an absolute right always to conceal their cards until played." 399 U.S. at 82. The constitutional concern is particularly attenuated here because the requested disclosure concerns information the defendant affirmatively intends to place before the jury during a penalty proceeding regardless of timing. *See Catalan Roman*, 376 F. Supp. 2d at 117. The Government further acknowledges that the defendant's disclosure of proposed mitigating factors may not be used against him during the guilt phase. *See Tsarnaev*, 2014 WL 4823882, at *5. Any order requiring disclosure of mitigating factors would regulate only the timing of information sharing; it would not in any way impair his right to remain silent, his presumption of innocence, or his ability to require the Government to prove every element of the charged offenses beyond a reasonable doubt.

Finally, the requested disclosure would impose no unfair burden on the defense. By the time trial begins, defense counsel will have been investigating the defendant's background and preparing this case for more than two years. As the court observed under similar circumstances in *Wilson*, the defense has had an "extensive opportunity" to prepare its case, "including identification and preparation of mitigating factors." 493 F. Supp. 2d at 466. Disclosing those factors to the Government will in no way compromise his defense at the guilt or penalty phase.

Accordingly, the Government respectfully requests that the Court order the defendant to disclose the mitigating factors he intends to present during any penalty phase no later than 30 days before motions *in limine* are due, and before the commencement of individual *voir dire*.

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

By: ______________________________
Andrew K. Chan / Dominic A. Gentile
Frank J. Balsamello
Assistant United States Attorneys
(212) 637-1072 / 2567 / 2325

cc: Counsel of Record (by ECF)